WARREN K. BLODGETT, executor, *vs.* LEANDER M. MOORE. SAME *vs.* CHRISTOPHER FOSTER.

Middlesex. January 25. — 26, 1886. DEVENS & GARDNER, JJ., absent.

Under the Pub. Sts. *c.* 127, § 8, the will of a feme sole is revoked by her subsequent marriage.

TWO APPEALS from a decree of the Probate Court, admitting to probate the will, dated August 21, 1874, and the codicil, dated August 30, 1878, of Mary E. Foster, deceased. The cases were heard by *Morton*, C. J., and reported for the consideration of the full court, upon agreed facts, in substance as follows:

At the time of the execution of said will and codicil, the testatrix was the widow of Thomas E. Nichols, and was of sound and disposing mind; and the will and codicil were properly executed and attested in the presence of three witnesses.

The testatrix, subsequently to the execution of both the will and codicil, namely, on July 4, 1882, was married to Christopher Foster, and continued to live with him as his wife until her death, on June 25, 1883.

There was no issue born alive of either marriage; and said Foster had no knowledge of this will, except that the testatrix informed him after their marriage that she had made a will, but talked of changing it.

It was agreed that the only issue raised upon the above facts was whether or not said will and codicil were revoked by the marriage of the testatrix to Christopher Foster.

*A. Russ*, for the appellee.

*H. D. Hyde & J. T. Wilson*, for the appellants, were not called upon.

BY THE COURT. The will and codicil of the testatrix were revoked by her subsequent marriage to Christopher Foster. *Swan* v. *Hammond*, 138 Mass. 45. *Decree reversed.*